UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:  CV - _____

Diem Tran,

        Plaintiff,    **COMPLAINT**

v.

NCO Financial Systems, Inc.,

        Defendant.   **JURY TRIAL DEMANDED**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Diem Tran, (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "Defendant"), is a collection law firm operating from an address of 1804 Washington Boulevard, Mailstop 450, Department 03, Baltimore, MD 21230, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to August 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt from American Express.

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. On or about August 27, 2007, Plaintiff received an initial communication, dated August 23, 2007, from Defendant that conveyed the 30-day Validation Period pursuant to the Fair Debt Collection Practices Act.  (See Exhibit A).

9. Plaintiff obtained legal counsel regarding the collection of the alleged debt of Scrimshire, Martineau, Gonko & Vavreck, PLLC.  Through her attorneys, Plaintiff disputed the alleged debt by sending a dispute letter, which conveyed the name, address and telephone number of her attorneys, dated September 24, 2007.  (See Exhibit B).

10. Defendant at no time, as of the date of this Complaint, has ever validated the alleged debt.

11. Defendant continued its collection campaign by contacting Plaintiff on numerous occasions by telephone. Defendant contacted Plaintiff including but not limited to: September 25, 2007 at 12:49 p.m., September 29, 2007 at 4:04 p.m., October 12, 2007 at 4:04 p.m., October 27, 2007 at 11:14 a.m., November 15, 2007 at 12:54 p.m., and November 19, 2007 at 5:23 p.m.

12. Defendant continued to contact Plaintiff on a basis of two telephone calls per week.

13. The conduct of Defendant by contacting Plaintiff after Defendant knew that Plaintiff was represented by an attorney and by not ceasing collection efforts until the debt was validated was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692g(b) and 1692f, amongst others.

*Summary*

14. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

**TRIAL BY JURY**

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

16. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

18. As a result of Defendant's foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

19. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

20. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

21. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

22. actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial;

23. such other and further relief as may be just and proper.

Dated: February 26, 2008          **SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**

 s/ Mark L. Vavreck                                  .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220

**ATTORNEY FOR PLAINTIFF**